(128 App. Div. 195.)

INTER–CITY REALTY CO. v. NEWMAN et al.

(Supreme Court, Appellate Division, Second Department.    October 9, 1908.)

1. PARTITION—REFEREE'S DEED—CONVEYANCE OF LAND NOT DESCRIBED.

K., while owning land bordering on New York Bay, acquired by grant from the state lands between high and low water mark and under water in front of his premises. The upland and that so acquired vested in his widow as his residuary legatee, and, she having died, her heirs brought partition, the complaint in which failed to describe the lands acquired from the state, but recited "that the parties did not own any other land in common," which the referee found to be true. *Held*, that such adjudication estopped the widow's heirs and their privies from claiming that the referee's deed in such suit, describing the upland and "land under water," did not include as an appurtenance the land between high and low water mark owned by K. at his death.

2. DEEDS—AMBIGUITY—RIGHTS OF GRANTEE.

Where there is any ambiguity in a deed, the position of the person in possession is stronger, and every uncertainty must be resolved in favor of the grantee.

3. BOUNDARIES—UNOPENED STREETS—DESCRIPTION.

Where a deed described certain city property as bounded by existing avenue lines as shown on a map, such description was nullified as a limitation of the grant by further description of the premises in the same instrument by lot and block number on the map, so that such deed conveyed the east half of one such unopened streets and the whole of the other, which was located on the boundary of the plat, together with the land between such street and the beach of New York Bay, on which it was supposed to abut.

4. TRIAL—QUESTION FOR JURY—IMMATERIAL ISSUES.

The court did not err in refusing the application of plaintiff's counsel to go to the jury on a question which counsel stated he thought was immaterial.

5. ESTOPPEL—NATURAL BOUNDARIES—RIGHT TO QUESTION.

Where a deed was made with reference to a city addition map which showed nothing between an avenue described as a boundary of the property and New York Bay, plaintiff, a privy of defendant's prior grantor, was estopped to dispute the natural boundary shown on the map.

Appeal from Trial Term, Richmond County.

Action by the Inter-City Realty Company against Harriet M. Newman and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

A. B. Widdecombe (Philip Carpenter and L. W. Widdecombe, on the brief), for appellant.

Wm. Allaire Shortt, for respondents.

RICH, J. This is an action of ejectment, in which the right to possession of six parcels of land, separately described in the complaint, is involved. At the close of the evidence the trial court directed a verdict in favor of the plaintiff as to three parcels; and for the defendant as to three parcels. From so much of the judgment as adjudicated that the plaintiff was not the owner in fee, and not entitled to the possession, of parcels 4, 5, and 6, this appeal is taken.

112 N.Y.S.—31

The defendant Harriet M. Newman is the owner of a lot numbered 16 on a map of "Lawrence Park." The lot is on the corner of Maple avenue and Shore avenue. The latter avenue extends along the top of the bank adjacent to the waters of New York Bay. This avenue was never opened or used as a street. Parcel No. 4, described in the complaint, is the land lying in Shore avenue in front of said lot No. 16, and the land from the top of the bank, which is the south side of the avenue, and the water of the bay, on which Mrs. Newman has erected and maintains a flight of steps, arbors, and a runway leading from her lot to the water. Parcel No. 5 is the land under water in front of lot 16, on which she has erected a pier extending 410 feet into the bay; and parcel No. 6 is the land on the beach, abutting on the water, and between it and the top of the bank, partly in front of lot No. 16, and partly within the lines of Maple avenue, if prolonged· from the top of the bank, where it now ends, to the waters of the bay, on which the defendant has erected and maintains bath-houses.

In 1867 one William H. Aspinwall became the owner in fee of a parcel of land which included the land in controversy, its southern boundary being "the bay or beach" of New York Bay. His deed contained the following clause:

"And also all the right, title, and interest of the party of the first part of, in, and to the bay or beach in front of said premises and the land under the water, so far as the rights of the said party of the first part extend."

In May, 1881, Aspinwall's executors conveyed the premises to Lawrence R. Kerr, Sr.; the deed containing a clause in the following words:

"Also all the right, title, and interest of the said William H. Aspinwall, dec'd, had at the time of his decease of, in, and to the bay, or land under water in front of the said premises."

In December of the same year Kerr obtained a grant from the state of New York of the lands between high and low water mark and under the water "adjacent to and in front of" his premises. Kerr died in December, 1888, testate, his wife being his residuary legatee, and the title to said lands, both upland and under water, vested in her. She died intestate in 1891, seised of the property so devised to her, leaving a number of heirs, one of whom commenced an action for the partition of that portion of the premises of which she died the owner. That was known after 1904 as "Lawrence Park," in which action the decree and referee's deed described the upland and shore and water rights in the same language used in the deed from Aspinwall's executors to Kerr, Sr., and did not specifically mention the land under water, or between high and low water mark, which the latter obtained from the state, and of which he died seised. Lawrence R. Kerr, Jr., purchased the property upon the sale made in the partition action, and in 1894 had the land platted and laid out in lots, streets, and avenues, and a map made thereof, which was filed, on which he designated the property as "Lawrence Park."

The title of the defendant Harriet M. Newman to lot No. 16 appearing on said map, and consequent right to the possession of the lands as to which she has recovered, are based upon deeds from Kerr,

Jr., to one Sejalon in 1901, who conveyed to Le Moult in 1902, and the latter to defendant in 1903.   Each of these conveyances described the premises by metes and bounds, their westerly line running "along the westerly side of Maple avenue", and the southerly line "along the northerly side of Shore avenue," as well as by the lot and block number, appearing on the map referred to, and includes all riparian rights of the grantor "appertaining to, belonging to, and being appurtenant to" the described premises.   It is beyond question that the description of the premises and rights conveyed, and rights in the mortgage hereinafter referred to, is sufficient to pass the title to the beach and lands under water in front of the premises conveyed, if Kerr, Jr., acquired title thereto by his deed from the referee in the partition action.   Each of these deeds is made subject to a mortgage upon the premises assumed by the grantee, and in the mortgage, following the description of the property by its map lot and block number, is the following clause:

"Together with all the right, title, and interest of the parties of the first part hereto of, in, and to the roads or highways in front of and adjoining said premises, and all the right, title, and interest of the parties of the first part hereto of, in, and to the New York Bay and all the lands under water in the said New York Bay in front of said premises.".

The plaintiff derives title to all of "Lawrence Park" not heretofore conveyed, through deeds from Lawrence Kerr, Jr., dated August 9 and 10, 1904, to the United Contractors' Corporation, which conveyed to plaintiff in December of the same year.   The rights to the land under water in front of defendants' premises are under a deed in which the heirs of Mary Kerr, deceased, widow of Lawrence R. Kerr, Sr., united to said United Contractors' Corporation, and one from it to the plaintiff, executed October 24, 1905, by which all lands under water in front of the entire "Park" are conveyed in the language of the grant by the state to Lawrence R. Kerr, Sr.

The plaintiff's contention as to the lands under water and the beach is that they did not pass to the grantee under the referee's deed in the partition action, upon which defendant's title and right of possession are based, because they were not included therein; that defendant's title is limited by the specific description in her deed to land lying east of Maple avenue and north of Shore avenue.   The learned trial justice refused to assent to this contention, and I think he was clearly right.   The title and right to possession to both the upland and land under water, including that between high and low water mark, was in Lawrence R. Kerr, Sr., at the time of his death, and passed by devise to his widow, and upon her death to her heirs; and, although not specifically mentioned or described in the referee's deed, it passed under such deed to Kerr, Jr., as an appurtenance.   Archibald v. N. Y. C. & H. R. R. Co., 157 N. Y. 574, 579, 52 N. E. 567.   That it was the intention of the heirs that it should is made clear by the averment of the complaint "that the parties do not own any other land in common"; and this the referee found to be correct.   The effect of this adjudication was to estop the heirs of Mary Kerr and their privies from thereafter asserting that the description of the land under water

did not include the land under water owned by Kerr, Sr., at the time
of his death. Mott v. Eno, 181 N. Y., at page 371, 74 N. E. 229.

The fact that the rights of Aspinwall in the land under water at
the time of his death were specifically mentioned in the complaint,
decree, and referee's deed undoubtedly arose from lack of knowledge
on the part of the attorney that Kerr, Sr., had acquired additional
rights, after receiving the conveyance from the executors of Aspin-
wall; but this fact did not exclude the land and right granted Kerr,
Sr., by the state, of which he died the owner, and the omission to
specifically refer to or describe such land and rights owned by the
parties as the heirs of Kerr's widow did not operate to prevent their
passing under the referee's deed to the grantee therein named, as an
appurtenance to the upland described in the conveyance.

As to the land lying within the avenue lines as laid down on the
map, it is an elementary rule that, where there is any ambiguity or
uncertainty in a deed, the position of the party in possession is the
stronger, and every uncertainty must be resolved in favor of the gran-
tee; and it must be held that the reference in the deeds to the existing
avenue lines as shown on the map is nullified as a limitation by the
description in the same instrument of the premises conveyed by lot
and block number on the map of "Lawrence Park," and the east half
of Maple avenue and the whole of Shore avenue (it never having been
opened or used as a street, and being on the margin of the property
conveyed, and between it and the beach of the bay) passed from Kerr
to his grantee, Sejalon, and through the grantee of the latter to de-
fendant Harriet M. Newman. See Mott v. Eno, 181 N. Y. 246, 74
N. E. 229; Graham v. Stern, 168 N. Y. 517, 61 N. E. 891, 85 Am. St.
Rep. 694; Trowbridge v. Ehrich, 191 N. Y. 361, 84 N. E. 297; Haber-
man v. Baker, 128 N. Y. 253, 28 N. E. 370, 13 L. R. A. 611; Johnson
v. Grenell, 188 N. Y. 407, 81 N. E. 161, 13 L. R. A. (N. S.) 551.

The plaintiff complains of the ruling of the trial court in denying
his motion for leave to go to the jury on the question of where high-
water mark was, and whether there was a strip of land between the
shore and high-water mark at times stated in the motion. The record
shows that in answer to the question by the court, "What is there
to submit to the jury here?" its counsel answered:

"I don't know any question in particular, except it is the question of high-
water mark, and in my opinion I think that is immaterial."

It was not the duty of the trial justice to submit to the jury an im-
material question of fact, and in addition there is no allegation in the
complaint that such a condition existed, and no claim that the action
was brought to recover possession of such a strip of land. Defend-
ant's deed was made with reference to the map of "Lawrence Park,"
which shows nothing between Shore avenue and the bay; and the
plaintiff, as a privy of Kerr, is not permitted to dispute the natural
boundaries shown upon the map. Devlin on Deeds, §§ 1020–1022.

The judgment must be affirmed, with costs. All concur.